**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph FREED, Defendant-Appellant.**

No. 79–5228.

United States Court of Appeals, Sixth Circuit.

Argued June 17, 1982.

Decided Sept. 9, 1982.

William W. Swor, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., Detroit, Mich., Sheldon N. Light, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before MERRITT, Circuit Judge, and WEICK and PHILLIPS, Senior Circuit Judges.

PHILLIPS, Senior Circuit Judge.

On this appeal defendant Joseph Freed attacks his conviction, following his plea of nolo contendere, on three counts of willful failure to pay income taxes in violation of 26 U.S.C. § 7203. We find his contentions without merit and affirm the conviction.

I

Joseph Freed, an attorney, was charged by information filed in the Eastern District of Kentucky on May 4, 1978, for willful failure to pay income taxes due in the years 1973, 1974 and 1975. At arraignment before District Judge Eugene E. Siler on May 22, 1978, Freed requested appointment of counsel and transfer of venue. Judge Siler instructed defendant Freed to complete a financial statement form to support his request for appointment of counsel. Although Freed apparently did not complete the form fully, Judge Siler granted the request for appointment of counsel, but instructed counsel to advise the court if he found subsequently that defendant Freed was able to afford counsel. By order dated June 9, 1978, Judge Siler granted the motion pursuant to 18 U.S.C. § 3237(b) to transfer to the Eastern District of Michigan.

After transfer, the case was assigned to District Judge Charles W. Joiner. Freed moved for appointment of counsel in Judge Joiner's court, but after considering a financial statement submitted by defendant Freed and conducting a hearing on the matter, Judge Joiner denied the motion.

Defendant's trial began on January 8, 1979, and privately retained counsel entered

an appearance for the defendant on that same day. On January 9, 1979, before completion of the trial, defendant Freed withdrew his plea of not guilty and changed his plea to nolo contendere. Although the Government opposed allowing the change of plea because of Freed's past history with the Internal Revenue Service,[1] Judge Joiner expressed a willingness to entertain the plea. Judge Joiner conducted an extensive inquiry into whether the plea was entered intelligently and voluntarily and whether there was a factual basis for the charges in the information. Defense counsel stated that he had examined the Government's file and that it contained evidence which would tend to establish all of the facts which would make up the elements of the crime charged. After the inquiry, Judge Joiner stated that he found the plea to have been made voluntarily and intelligently, that it had a basis in fact, and that defendant Freed understood his rights and the consequences of his plea. Judge Joiner accepted the plea and found Freed guilty of the offenses charged, and on March 6, 1979, sentenced him to concurrent one-year terms of imprisonment with release on parole after service of one-third of the terms, pursu-

ant to 18 U.S.C. § 4205(f). This appeal followed.

Freed contends that his conviction should be reversed for two basic reasons. First, he asserts that he was wrongfully denied effective appointed counsel to defend him at Government expense. Second, he argues that the evidence is insufficient to support a conviction. Specifically, he contends that there is no evidence that he acted willfully because the record shows that he was unable to pay his taxes and because his 1976 bankruptcy discharged his tax liability for the year 1972.[2]

## II

Like a plea of guilty, a plea of nolo contendere constitutes a waiver of all so-called "non-jurisdictional defects" or, more accurately, any claims not logically inconsistent with the issue of factual guilt, as well as the right to contest the factual merits of the charges against him. *United States v. Heller*, 579 F.2d 990, 992 n. 1 (6th Cir. 1978). *See also* 1 Wright, *Federal Practice & Procedure* § 177 (1969); Annotation, *Plea of Nolo Contendere or Non Vult Contendere*, 89 A.L.R.2d 540. "By his plea of nolo contendere, appellant was admitting every essential element of the of-

1. Freed has been embroiled in various disputes with the Internal Revenue Service since 1955. In his petition for bankruptcy dated April 6, 1976, he listed the IRS as an unsecured creditor for income taxes for every year from 1955 to 1975, except 1958 and 1959. In addition, he was indicted previously on five counts of willful failure to pay income taxes for the years 1967-71. He pled nolo contendere to one count and the other counts were dismissed and pursued by the IRS in civil proceedings.

It is the Government's theory in the present case that Freed had engaged in the continuous practice of transferring assets to his wife's name and channeling income to his sons, in an effort to hide his assets and income. According to the IRS, after Freed had so disposed of his resources, he would claim he had no money to pay his tax (and other) obligations. The Government's theory is supported by the financial statement filed by Freed to support his request for appointed counsel. For example, Freed declared a gross income from his law practice to be approximately $50,000, but after deducting business expenses such as a $185 per week salary to his son, and personal expenses such as $50 per week for entertainment, $50

per week to his wife (above other living expenses), mortgage payments on a house he had transferred to his wife's name, and gas, oil and maintenance for his adult son's automobile, he estimated his net cash flow to be minus $587.80.

2. The crux of Freed's argument is that since the Government did not file a proof of claim to preserve priority for its tax claim against him for 1972, he did not have to pay any taxes for that year and, therefore, it was impossible for him willfully to refuse to pay a debt he did not owe. As the Government pointed out in its brief, however, the indictment charged him with willful failure to pay for the years 1973, 1974 and 1975. The bankruptcy discharge has little, if any, relevance on the issue of the willfulness of Freed's actions for the years in question. Further, § 35(a) of the former Bankruptcy Act, the statute relied upon by Freed for his claim of discharge, provided that a discharge does not release the bankrupt from taxes he willfully attempted in any manner to evade or defeat.

fense well pleaded in the indictment." *Heller, supra*, 579 F.2d at 998, *citing Lott v. United States*, 367 U.S. 421, 426, 81 S.Ct. 1563, 1566, 6 L.Ed.2d 940 (1961). By pleading nolo contendere, Freed has admitted that he acted willfully. He cannot now be heard to attack the evidence as insufficient to support a finding of willfulness.

### III

 We also find Freed's appointment of counsel claim to be without merit. Judge Joiner denied the motion for appointment of counsel, but Freed was not unrepresented. He had the benefit of the advice of counsel before he entered his plea. Counsel for Freed stated on the record that he had examined the Government's evidence and that it would tend to establish the facts necessary to support a guilty verdict.

Freed does not contend that his plea was not made voluntarily and intelligently. He does not argue that the advice he received from counsel was "not within the range of competence demanded of attorneys in criminal cases." *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973), *quoting McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). Appellant simply has not raised a claim which can be considered in an attack on a conviction resulting from a nolo contendere or guilty plea. *See Menna v. New York*, 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 242 n.2, 46 L.Ed.2d 195 (1975).

Further, it appears that Judge Joiner was correct in his determination that Freed was not qualified for the appointment of counsel. From the information contained in his financial statement, *see n. 1, supra*, it appears that Freed has a cash flow which was sufficient to enable him to retain private counsel.[3]

---

3. Freed also contends that Judge Joiner's denial of the motion was improper because, in doing so, he overruled Judge Siler's decision, prior to transfer of venue, to appoint counsel. It appears from an examination of the record, however, that Judge Siler merely appointed counsel to assist Freed in obtaining a transfer of venue.

The conviction is affirmed. No costs are taxed.

Further, Judge Siler appointed counsel based upon Freed's oral assertions, without the benefit of a complete financial statement. Judge Joiner made his decision after examining Freed's financial statement and after conducting a more complete hearing on the matter.