810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger Dale BRAY, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, and David L. Armstrong, Attorney
General of Kentucky, Respondents-Appellees.
 No. 86-5138.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1986.
 
 Before KEITH and MERRITT, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This Kentucky pro se prisoner appeals from a district court judgment dismissing his petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner sought to attack his 1981 Alford -type plea of guilty to one charge of third-degree burglary, one charge of receiving stolen property valued over $100 and one charge of being a second-degree persistent felony offender. Petitioner claimed the following three grounds for relief: 1) an invalid prior felony was used to support the persistent felony offender conviction; 2) he received ineffective assistance of counsel; and 3) he was denied an evidentiary hearing in the state courts. Upon review of the cause, this Court concludes that the district court properly dismissed petitioner's action without holding an evidentiary hearing.
 
 
 2
 A reading of the plea hearing transcript reveals that the petitioner did enter a knowing, voluntary and intelligent plea of guilty without expressly admitting his guilt as authorized under North Carolina v. Alford, 400 U.S. 25 (1970) Cf. Boykin v. Alabama, 395 U.S. 238 (1969); Berry v. Mintzes, 727 F.2d 1142 (6th Cir.), cert. denied, 467 U.S. 1245 (1984); Brown v. Perini, 718 F.2d 784 (6th Cir.1983). Despite his acknowledging the seriousness of his plea and the waiver of many constitutional rights, the petitioner did express several hesitations about the proceedings concerning the validity of a prior felony and the effectiveness of his counsel's representation. Notwithstanding these doubts, the petitioner repeatedly and clearly declared in open court his choice to enter a plea of guilty contingent upon the trial court accepting his plea bargain which would place a maximum limit to his sentence of five years. When assured that the court would accept his plea bargain, petitioner entered a voluntary and intelligent choice among his alternatives and pled guilty so as to take advantage of his negotiated bargain of a maximum of a five year sentence.
 
 
 3
 The plea was not defective due to any prejudicial error made by petitioner's counsel. Petitioner claims his counsel should have investigated and challenged his prior felony conviction on the basis of judicial bias. This ground, however, even if true, would not have undermined the validity of petitioner's prior plea of guilty. Even if it did facially challenge the plea, it was waived by the petitioner entering an otherwise valid plea of guilty while knowing full well that the presiding judge was his former attorney to whom he owed money. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); United States v. Freed, 688 F.2d 24 (6th Cir.1982). It is, therefore, clear that petitioner has failed to establish any attorney error, much less prejudicial error, by showing that he would not have entered his guilty plea but for counsel's misrepresentation. See Nix v. Wide Side, 106 S.Ct. 988, 933-34 (1986); Hill v. Lockhart, 106 S.Ct. 366, 370 (1985).
 
 
 4
 Under all the circumstances, petitioner must be held to the terms of his plea bargain and not now be heard to complain that his bargain was other than what he openly and unequivocally declared in open court. Mabry v. Johnson, 467 U.S. 504 (1984); Baker v. United States, 781 F.2d 85 (6th Cir.1986).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.