816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl STANDARD, Petitioner-Appellant,
v.
Gene SCROGGY, Respondent-Appellee.
 No. 86-5694.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1987.
 
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 2
 Petitioner is presently serving a 20 year sentence at the Kentucky State Penitentiary in Eddyville for first degree robbery as enhanced by his plea of guilty to a second degree persistent felony offender charge. Through his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 and after exhausting his state remedies, petitioner essentially claims four grounds for relief. His petition was denied by the district court and petitioner appealed.
 
 
 3
 An examination of the record and transcripts clearly reveals that the district court did not err in determining that the eyewitness identifications of petitioner at a show-up minutes after the crime were reliable under Neil v. Biggers, 409 U.S. 188, 199 (1972); United States v. Tyler, 714 F.2d 664, 667 (6th Cir.1983).
 
 
 4
 The record also reveals that petitioner's claim that the trial court erred in its failure to instruct the jury as to "choice of evils" is frivolous as the instruction was totally inapplicable to his situation. Furthermore, this instruction was never tendered at trial. Thus, petitioner is precluded from raising it now. Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 5
 The record further reveals that petitioner entered into his plea of guilty to the persistent felony offender charge knowingly and voluntarily. He also met the criteria for the persistent felony offender charge. Thus, through his plea, petitioner has waived his right to contest the factual merits of the charge. United States v. Freed, 688 F.2d 24 (6th Cir.1982); United States v. Heller, 579 F.2d 990, 998 (6th Cir.1978).
 
 
 6
 Finally, petitioner has failed to allege a sufficient claim for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 7
 Therefore, for the reasons set forth above and because the questions upon which this case depends are so unsubstantial as not to require further argument, we affirm. Rule 9(b)(5), Rules of the Sixth Circuit.