925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael RILEY, Defendant-Appellant.
 No. 90-1608.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1991.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Pursuant to Fed.R.Crim.P. 11, defendant Michael Riley pleaded guilty to one count of possession of stolen mail. He now appeals his conviction and sentence, asserting (1) that because there was a 12-month delay between his indictment and subsequent arrest, he was deprived of his liberty without due process of law; and (2) that his rights were adversely affected because the sentencing judge failed to comply with certain requirements of Rule 11. Finding none of these contentions persuasive, we shall affirm the judgment.
 
 
 2
 * An indictment handed up in September of 1988 charged Michael Riley with six counts of possession of stolen mail. A warrant for his arrest was issued the following month. Mr. Riley was arrested in September of 1989 and was arraigned shortly thereafter.
 
 
 3
 On March 8, 1990, Mr. Riley appeared before the district court (Hackett, J.) to enter a plea pursuant to an agreement reached under Fed.R.Crim.P. 11. This agreement provided that Mr. Riley would plead guilty to one count of possession of stolen mail; that the remaining counts against him would be dismissed; that he would serve no more than 21 months in prison; that he would be fined no more than $5,000; and that he would provide information to the authorities about others involved in similar crimes.
 
 
 4
 The court expressed the view that the 21-month cap on Mr. Riley's sentence was "not appropriate." The matter was therefore continued for one week to give the parties time to negotiate further.
 
 
 5
 Mr. Riley appeared before the court again on March 15th, at which time both he and the government encouraged Judge Hackett to accept the 21-month cap. She indicated that she would take the plea agreement under advisement pending her review of the presentence report.
 
 
 6
 At a hearing held on May 16th, Judge Hackett repeated that the 21-month cap was inappropriate. She indicated that she had already notified counsel of her decision not to accept such a cap. Knowing what her position was, the government and Mr. Riley had agreed before the hearing to an amended plea agreement that raised the cap on imprisonment from 21 months to 30 months. After determining that Mr. Riley voluntarily accepted this change, Judge Hackett sentenced him to the full 30-month period. The judge added a recommendation that the defendant be required to serve the maximum time allowed under the sentence.
 
 II
 
 7
 * With respect to the contention that the Due Process Clause was violated because Mr. Riley was not arrested until 12 months after his indictment, the short answer is that the guilty plea rules out such a claim. As the Supreme Court stated in Tollett v. Henderson, 411 U.S. 258, 267 (1973),
 
 
 8
 "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."
 
 
 9
 It is well settled that a defendant who knowingly and voluntarily enters a plea of guilty waives all nonjurisdictional defects in the prior proceedings. United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982); Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir.1989). Because Mr. Riley voluntarily admitted his guilt in open court, he may not now complain that the government unreasonably delayed his arrest.
 
 B
 
 10
 Mr. Riley also maintains that he is entitled to withdraw his plea and/or to be resentenced because: (1) if the district court did not wish to accept the plea agreement as originally proposed, it should have rejected that agreement formally, as provided by Fed.R.Crim.P. 11(e)(4); (2) the court participated in plea discussions, in violation of Rule 11(e)(1); (3) the court did not develop a full factual basis for the amended plea; and (4) the court violated the plea agreement by adding the recommendation that the defendant be required to serve the maximum time allowed under the sentence.
 
 In 1969 the Supreme Court declared that
 
 11
 "prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea." McCarthy v. United States, 394 U.S. 459, 471-72 (1969).
 
 
 12
 In 1983, however--14 years after McCarthy --Congress amended Rule 11 to add the following section:
 
 
 13
 "(h) Harmless Error. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."
 
 
 14
 As we explained in United States v. Stead, 746 F.2d 355, 356 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985),
 
 
 15
 "[t]his amendment incorporates the harmless error standard of Rule 52(a) of the Federal Rules of Criminal Procedure into Rule 11. Consequently, a guilty plea entered pursuant to Rule 11 will now be reversed only where the trial court, in accepting the guilty plea, violates a substantial right of the criminal defendant." (Emphasis supplied.)
 
 
 16
 Applying the new test here, we are satisfied that none of the alleged departures from the procedures required by Rule 11 violated the defendant's substantial rights. Nothing in the record suggests that Mr. Riley was forced to agree to the higher maximum sentence; indeed, he stated specifically that he understood the amended plea and that he had agreed to it voluntarily. The record reveals that Judge Hackett questioned Mr. Riley and the government at length, both on March 8th and on March 15th, to make sure that there was a full factual basis for the plea. Although the judge did not repeat this entire process a third time when she accepted the plea under the amended agreement, Mr. Riley has failed to show how this omission affected any of his substantial rights.
 
 
 17
 Except for the facts already stated, there is nothing in the record to show that Judge Hackett participated in the discussions between counsel about the plea agreement. We do not believe it violated the defendant's substantial rights for the court to advise counsel that a 21-month cap would not be accepted.
 
 
 18
 As to the final claim under Rule 11--that Judge Hackett violated the plea agreement by recommending that Mr. Riley serve the maximum time imposed--nothing in the language of the agreement precluded the court from making such a recommendation. While it is true that courts will go beyond the text of a Rule 11 agreement to determine "what was reasonably understood by [the defendant] when he entered his plea of guilty," United States v. Mandell, 905 F.2d 970, 973 (6th Cir.1990) (citations omitted), Mr. Riley could not reasonably have supposed that there was no risk of his having to serve the maximum time allowable under the revised plea agreement.
 
 
 19
 AFFIRMED.