937 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felipe DELEMOS, Defendant-Appellant.
 No. 90-3776.
 United States Court of Appeals, Sixth Circuit.
 July 18, 1991.
 
 1
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and FRIEDMAN, District Judge.*
 
 ORDER
 
 2
 Felipe Delemos, a federal prisoner, appeals his conviction and sentence for conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. Sec. 846. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In May 1990, Delemos pleaded guilty to the count described above, pursuant to a plea agreement. In order to arrive at Delemos's sentence, the court began with a base offense level of 28, granted a reduction for acceptance of responsibility, but denied a requested reduction for being a minor participant, reaching an adjusted offense level of 26. With a criminal history category of 1, the sentence guideline range for Delemos's offense was 63-78 months imprisonment. The district court sentenced Delemos to 72 months imprisonment, to be served concurrently with a 20-year sentence imposed by New Jersey for a conviction arising out of the same act. The district court also imposed a $50 special assessment and a 3-year term of supervised release.
 
 
 4
 Delemos's appointed counsel on appeal has submitted a motion to withdraw and has filed an Anders brief in which he presents two issues: (1) the district court erred in denying a 2-level reduction for being a minor participant, and (2) the district court erred in denying Delemos's motion to suppress evidence. See Anders v. California, 386 U.S. 738 (1967).
 
 
 5
 Delemos has submitted a motion for the appointment of new counsel and has also filed a pro se brief in which he raises two issues: (1) the district court erred in denying his motion to suppress evidence, and (2) the district court denied him due process by failing to hold a hearing on the initial stop of his car for speeding. Although he does not present supporting arguments, Delemos also raises the issues of ineffective assistance of counsel and abuse of discretion in sentencing.
 
 
 6
 Initially, we have reviewed the transcript of Delemos's plea proceeding and are satisfied that the totality of the circumstances shows that the guilty plea was knowingly, voluntarily, and intelligently made. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).
 
 
 7
 Further, the record indicates that counsel was functioning as the counsel guaranteed by the sixth amendment. See Strickland v. Washington, 466 U.S. 668, 687 (1984). This conclusion is supported by counsel's efforts at the suppression hearing and by Delemos's statements, under oath, that he was satisfied with his attorney's representation and advice.
 
 
 8
 Both the Anders brief and Delemos challenge the district court's denial of Delemos's motion to suppress evidence. Having entered a valid guilty plea, Delemos may not challenge non-jurisdictional defects in the proceedings. See Tollett v. Henderson, 411 U.S. 258, 260-67 (1973); United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982). In any event, this issue is meritless because probable cause clearly existed under the plain view doctrine to search Delemos's car without a warrant after the initial stop for speeding. See Coolidge v. New Hampshire, 403 U.S. 443, 465-66 (1971). Delemos's due process claim is likewise meritless because the suppression hearing did cover the initial stop. It is noted that Delemos does not deny that he was driving over the speed limit when the trooper signaled him to pull over. Nor is there any evidence that the stop was racially or ethnically motivated.
 
 
 9
 We affirm the district court's denial of a reduction for being a minor participant because it is not clearly erroneous. See United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 111 S.Ct. 565 (1990). U.S.S.G. Sec. 3B1.2, comment. (n. 3 and backg'd) indicates that the minor participant reduction is available to a participant who is less culpable than most other participants and substantially less culpable than the average participant. Delemos has not met his burden of proving facts justifying a reduction by a preponderance of the evidence. See United States v. Rodriguez, 896 F.2d 1031, 1032-33 (6th Cir.1990).
 
 
 10
 Finally, the district court did not abuse its discretion in sentencing Delemos. The 72-month sentence imposed was squarely within the guideline range of 63-78 months for Delemos's adjusted offense level. A sentence within the applicable guideline range is not appealable. See United States v. Sawyers, 902 F.2d 1217, 1221 n. 5 (6th Cir.1990), pet. for cert. filed, (Aug. 10, 1990).
 
 
 11
 Accordingly, counsel's motion to withdraw is granted and Delemos's motion for the appointment of counsel is denied. The judgment and sentence of the district court are hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, U.S. District Judge for the Eastern District of Michigan, sitting by designation