986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hugo F. CHAVIRA, Defendant-Appellant.
 No. 92-1528.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Hugo F. Chavira, appeals his conviction and sentence imposed pursuant to his guilty plea. Chavira pled guilty to distribution of cocaine within 1000 feet of a public elementary school, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 860(a); and to possession of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). For the reasons stated below, we AFFIRM appellant's conviction and sentence.
 
 I.
 
 2
 At about 3:00 p.m. on August 25, 1991, Chavira and his wife were arrested for selling drugs to an undercover Michigan State Police officer in the parking lot of the Lakeview Elementary School in Negaunee, Michigan. At the time of the transaction, Chavira was carrying a .45 caliber handgun.
 
 
 3
 On September 10, 1991, Chavira was indicted in a three count indictment. Count I charged distribution of cocaine within 1,000 feet of a school; Count II charged intent to distribute cocaine; and Count III charged possession of a firearm during the commission of a drug trafficking crime. Pursuant to a plea agreement with the government, Chavira pled guilty to Counts I and III of the indictment, and the government dismissed Count II. Chavira was sentenced to 210 months imprisonment on Count I and a consecutive five year term of imprisonment on Count III.
 
 
 4
 In this appeal, Chavira alleges that 21 U.S.C. § 860(a) is unconstitutionally over-inclusive, in violation of the Equal Protection Clause, and that the government presented insufficient evidence in support of his conviction and sentence for possession of a firearm, in violation of 18 U.S.C. § 924(c)(1). We address each of these issues below.
 
 II.
 
 5
 Chavira argues that 21 U.S.C. § 860(a), which enhances the penalty for drug distribution in or near schools and colleges, is over-inclusive and violates the Equal Protection Clause. Chavira failed to raise this issue before the district court.
 
 
 6
 The law in this Circuit provides that "absent a showing of manifest miscarriage of justice," this Court cannot review issues on appeal that were not presented to the district court at trial below. United States v. Williams, 940 F.2d 176, 180 (6th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 666 (1991). On these facts, we find no miscarriage of justice. Accordingly, we decline to review Chavira's challenge to the constitutionality of 21 U.S.C. § 860(a) because he waived this issue by not raising it below.
 
 III.
 
 7
 Chavira pled guilty to the charge of possession of a firearm during the commission of a drug trafficking crime. On appeal, Chavira alleges that the government failed to meet its burden with respect to his conviction and sentence under 18 U.S.C. § 924(c)(1). The law in this Circuit provides that where a defendant has entered a guilty plea or a plea of nolo contendere he has waived "the right to contest the factual merits of the charges against him." United States v. Freed, 688 F.2d 24 (6th Cir.1982). Accordingly, Chavira waived his right to contest the factual merits underlying this charge because he pled guilty to a violation of 18 U.S.C. § 924(c)(1).
 
 IV.
 
 8
 For the foregoing reasons, we AFFIRM the judgment of the Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan.