25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Earl Quincy DUNN, Defendant-Appellant.
 No. 93-2180.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1994.
 
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Earl Quincy Dunn, a federal prisoner, appeals his conviction and sentence, imposed following his guilty pleas to single counts of conspiracy to distribute cocaine, possession of cocaine with intent to distribute, and using a firearm in relation to a drug trafficking offense. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dunn was indicted in September 1992 on the three counts described above plus a fourth count of being a felon in possession of a firearm. On February 2, 1993, Dunn entered into a Rule 11 plea agreement, in which he agreed to plead guilty to counts 1 through 3 and to fully cooperate with timely, truthful assistance. In return, the government would dismiss count 4, recommend a three-level decrease for acceptance of responsibility, recommend a sentence at the lower limit of the applicable guideline range, and move for a downward departure, pursuant to U.S.S.G. Sec. 5K1.1, upon Dunn's substantial assistance. After reviewing the presentence investigation report, the district court accepted Dunn's guilty plea and sentenced him on August 26, 1993, to 15 months in prison on counts 1 and 2, and to 60 months on count 3, to be served consecutively. The court also imposed 4 years of supervised release. This sentence was based upon a total offense level of 23, which incorporated a three-level decrease for acceptance of responsibility, and a criminal history category of II. The court departed downward from the guideline sentencing range of 60 to 63 months for counts 1 and 2, upon the government's substantial assistance motion.
 
 
 3
 Dunn's court-appointed counsel has filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). In his accompanying brief, counsel has identified three issues which defendant wished to raise: (1) his guilty plea was unintelligently and unknowingly made, (2) the conspiracy charge was invalid because the only other coconspirator was a government informant, and (3) the possession count was a result of entrapment. Dunn was notified of his right to submit a supplemental brief raising additional issues, and has filed a response to counsel's motion. In his response, Dunn requests the appointment of counsel to raise the issue of ineffective assistance of counsel based upon these supporting facts: (1) counsel told Dunn that he had negotiated a prison sentence of no more than 5 years, (2) counsel did not tell him that a downward departure would not apply to the weapons charge, and (3) counsel failed to move for a suppression hearing.
 
 
 4
 Upon review, we permit counsel to withdraw from this case because Dunn's appeal is without merit. The brief submitted pursuant to Anders reflects a careful review of the record, concludes that no reversible error exists, and adequately sets forth conceivable issues for appeal. We affirm the district court's judgment because that court did not err in accepting Dunn's guilty plea or imposing sentence.
 
 
 5
 The record clearly establishes that Dunn's guilty plea was voluntarily, knowingly, and intelligently entered as determined under the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Dunn's complaint that he thought he was going to receive a total sentence of only five years because of negotiations between his attorney and the prosecutor is meritless. He first voiced this complaint at sentencing, but admitted that it was only a negotiating stance and not a promise. Dunn may not now object to the plea agreement on the basis of an issue he clearly waived at sentencing. See Mabry v. Johnson, 467 U.S. 504, 510-11 (1984). Subjective expectations by counsel and the defendant regarding the possible length of sentence, if not realized, do not render involuntary an otherwise valid plea. Self v. Blackburn, 751 F.2d 789, 793 (5th Cir.1985).
 
 
 6
 Because Dunn entered a valid guilty plea, he may not challenge non-jurisdictional defects in the proceedings. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973); United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982). Thus, his argument that the conspiracy charge was invalid because his alleged coconspirator was a government agent is unavailing. In any event, Dunn admitted to receiving cocaine from the informant on occasions prior to the informant's cooperation with the government, and had an understanding that this person would be his supplier. While a person cannot be a conspirator while cooperating with the government, that person can be part of a continuing conspiracy until he turns informer. See United States v. Manotas-Mejia, 824 F.2d 360, 365 (5th Cir.), cert. denied, 484 U.S. 957 (1987); United States v. Swainson, 548 F.2d 657, 661 (6th Cir.), cert. denied, 431 U.S. 937 (1977).
 
 
 7
 Dunn's valid guilty plea has also resulted in a waiver of his entrapment argument relating to the possession count. Moreover, the facts as related by Dunn during his plea proceeding certainly do not establish an entrapment defense. The fact that a government agent proposed an illicit transaction or attempted to arrange the purchase of narcotics is insufficient to establish entrapment. United States v. Barger, 931 F.2d 359, 367 (6th Cir.1991).
 
 
 8
 Finally, Dunn has not established that he received ineffective assistance of counsel. A petitioner claiming ineffective assistance "bears the heavy burden of demonstrating that counsel made an error so serious that he was not functioning as counsel guaranteed by the Sixth Amendment and that this deficient performance prejudiced his defense." Lewis v. Alexander, 11 F.3d 1349, 1352 (6th Cir.1993). As a general rule, a defendant may not raise a claim of ineffective assistance of counsel on direct appeal, because there has been no opportunity to develop the record to include evidence bearing on the merits of the allegations. United States v. August, 984 F.2d 705, 711 (6th Cir.1992), cert. denied, 114 S.Ct. 158 (1993). Instead, the customary procedure is to raise the issue in a motion to vacate under 28 U.S.C. Sec. 2255. Id. However, when the record is adequate to assess the merits of the defendant's allegations, the court may consider them. Id. The record in this case is sufficient to address and reject Dunn's allegations of ineffective assistance.
 
 
 9
 Accordingly, the motion to withdraw as counsel is granted and the request for the appointment of new counsel is denied. The district court's judgment, entered on August 30, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.