51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Arnett TERRELL, Petitioner-Appellant,
v.
David L. TRIPPETT, Respondent-Appellee.
 No. 94-1934.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges, and MILES, District Judge.*
 
 ORDER
 
 2
 Michael Arnett Terrell, pro se, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In June of 1988, Terrell pleaded no contest to the offense of assault with intent to murder in violation of Mich.Comp.Laws Sec. 750.83. He was sentenced to 240 to 480 months in prison. The charge was based on his assault against his estranged wife, wherein he threatened her with a gun and then shot himself twice in the head. The parties do not dispute that Terrell's self-inflicted wounds inhibited his ability to recall these events. As a result, the parties stipulated at the plea hearing that a police report could be read into the record as evidence that Terrell committed the offense. On appeal, the Michigan Court of Appeals affirmed his conviction and sentence, and Terrell's subsequent motions for relief from judgment and application for leave to appeal were denied by the state court of appeals and by the state supreme court.
 
 
 4
 In his petition for federal habeas relief, Terrell asserts the following two grounds: 1) the trial court erred by accepting his plea because it failed to comply with Michigan Court Rule 6.101(F)(3)(b)(ii) when it used the police report to establish the factual basis for a finding of guilt; and 2) his prison sentence was excessive because it exceeded the normal guideline range for the offense, under state law. Terrell also complained that his trial and appellate counsel were ineffective for their failure to raise these issues on his behalf.
 
 
 5
 The matter was referred to a magistrate judge, who determined that Terrell had entered into the plea voluntarily and intelligently, meeting the standard for a valid guilty plea as set forth in Boykin v. Alabama, 395 U.S. 238, 242 (1969). The magistrate judge also determined that Terrell's 20-40 year sentence was not excessive or disproportionate so as to violate the Eighth Amendment prohibition against cruel and unusual punishment. The district court, after reviewing the report and the petitioner's objections, discussed the merits of the grounds presented and agreed that the plea was made voluntarily and intelligently and that the sentence imposed was not excessive. Thus, the district court denied the petition by order entered July 20, 1994. On appeal, Terrell raises the same arguments presented to the district court. Terrell has also filed a motion for the appointment of counsel.
 
 
 6
 This court concludes that Terrell has not established that the proceedings in state court were fundamentally unfair or that the proceedings resulted in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992). Specifically, the record supports the district court's conclusion that Terrell's plea was entered into voluntarily, knowingly and intelligently, considering the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin, 395 U.S. at 242-44. A factual basis for the plea is not required by the Constitution; such requirement stems only from Federal Rule of Criminal Procedure 11. United States v. Timmreck, 441 U.S. 780, 783 (1979).
 
 
 7
 Moreover, Terrell's plea of nolo contendere constitutes a waiver of all non-jurisdictional defects or any claims not logically inconsistent with the issue of factual guilt, as well as the right to contest the factual merits of the charges. United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982). By pleading nolo contendere, Terrell was admitting every essential element of the offense that was well-pleaded in the indictment. Freed, 688 F.2d at 25-26. See also Lott v. United States, 367 U.S. 421, 426 (1961). Lastly, Terrell's arguments based on the admissibility of evidence and sentencing guidelines under state law do not rise to a level of constitutional magnitude to support habeas relief, because the alleged errors are not so egregious that the petitioner was denied a fundamentally fair proceeding in state court. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994); Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988).
 
 
 8
 Accordingly, Terrell's motion for counsel is denied and the district court's order denying his petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation