69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank MONGIOVE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5571.
 United States Court of Appeals, Sixth Circuit.
 Oct. 27, 1995.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges; and HACKETT, District Judge.*
 
 ORDER
 
 2
 Frank Mongiove, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mongiove pleaded guilty to one count of operating a continuing criminal enterprise and two counts of federal income tax evasion. He was sentenced on July 25, 1989, to 121 months in prison, one month above the mandatory minimum term set by 21 U.S.C. Sec. 848, and five years of supervised release. There was no direct appeal.
 
 
 4
 In his motion to vacate, Mongiove presented four grounds for relief: (1) the presentence investigation report (PSI) contained an inaccurate allegation that he supervised five or more persons in the criminal enterprise, (2) he was entrapped, (3) the district court did not resolve his objections to the PSI, and (4) the Internal Revenue Service (IRS) improperly participated in executing a search warrant on his home. The district court denied Mongiove's motion in a memorandum opinion and order filed on March 21, 1995. The district court found that Mongiove had been given the opportunity at sentencing to present evidence in support of his PSI objections, but that he had declined to present such evidence. The court further concluded that Mongiove's other three issues related to defenses he might have raised had he chosen to stand trial. Thus, to the extent that Mongiove was asking the court to allow him to withdraw his guilty plea, the request was denied, as his guilty plea was knowingly and voluntarily made. Mongiove's subsequent motion to amend his Sec. 2255 motion was deemed to be a motion for relief from judgment, which was denied in a district court order filed on April 5, 1995.
 
 
 5
 On appeal, Mongiove argues that: (1) he was entrapped by the government's confidential informant, (2) the district court erred in finding that he was a supervisor or manager, (3) the IRS was improperly present at the raid on his house, and (4) the print media were improperly invited to the raid and their inaccurate news stories became the government's official version of events.
 
 
 6
 Upon review, we affirm the district court's order. In order to obtain relief under Sec. 2255 on the basis of a non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Because it was served within ten days of the entry of the district court's order denying his motion to vacate, we construe Mongiove's post-judgment motion as a motion to reconsider brought under Fed.R.Civ.P. 59(e), which tolls the time for appeal and brings up the underlying order for review. See Herzog Contracting Corp. v. McGowen Corp., 976 F.2d 1062, 1065 (7th Cir.1992); Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991) (per curiam).
 
 
 7
 Mongiove does not argue on appeal that the district court failed to resolve his objections to the PSI. Therefore, this issue is considered abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). In addition, he did not present his issue regarding the presence of the news media before the district court. Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994). We find no exceptional circumstances in this case.
 
 
 8
 Mongiove's remaining issues are meritless. As explained by the district court, the issues alleging entrapment and improper participation by the IRS in the search of Mongiove's residence are challenges to his conviction which were waived by the entry of his valid guilty plea. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973); United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982).
 
 
 9
 Mongiove's final issue on appeal, which challenges the district court's finding that he was a supervisor or manager of at least five persons in the criminal enterprise, was not raised in a direct appeal. A non-constitutional issue which could have been asserted on direct appeal, but was not, may not be raised in a collateral proceeding, Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976), unless the movant shows cause excusing his failure to raise it previously and actual prejudice resulting from the alleged error. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Mongiove does not even attempt to demonstrate either cause or prejudice for his procedural default. In any event, the issue is without merit.
 
 
 10
 Accordingly, the district court's order, entered on March 21, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation