87 F.3d 1315
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Leslie DUNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6013.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1996.
 
 Before: MARTIN, JONES, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Robert Leslie Dunson, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In April 1990, Dunson entered a conditional plea of guilty to one count of possession with intent to distribute cocaine. The district court sentenced Dunson on August 8, 1990, to 240 months in prison and ten years of supervised release, which represented the statutory minimum for a defendant previously convicted of a felony drug offense. Dunson's conviction and sentence were affirmed by a panel of this court on direct appeal. See United States v. Dunson, 940 F.2d 989 (6th Cir.1991), cert. denied, 503 U.S. 941 (1992).
 
 
 3
 Dunson subsequently filed a motion to vacate which raised the issues of lack of notice of intent to use the previous conviction for enhancement, see 21 U.S.C. § 851, and ineffective assistance of counsel. The government conceded error on the § 851 issue, and the magistrate judge recommended that the motion to vacate be granted and that Dunson be resentenced within the applicable guideline range. Dunson initially attempted to amend his motion to add a claim that his guilty plea was involuntary due to counsel's erroneous advice regarding the sentence he faced, but, upon consultation with appointed counsel, he withdrew his ineffective assistance of counsel claim, abandoned his effort to attack his guilty plea, and moved the district court to accept the magistrate judge's recommendation. The district court, accordingly, adopted the magistrate judge's report and granted Dunson's motion to vacate his sentence. On March 2, 1993, the district court resentenced Dunson to 120 months in prison and five years of supervised release, thus cutting his sentence in half. The ten-year sentence represented the mandatory minimum for an offense involving seven kilograms of cocaine. Dunson's new sentence was affirmed by this court in an unpublished opinion. See United States v. Dunson, No. 93-5320, 1993 WL 524291 (6th Cir. Dec. 17, 1993), cert. denied, 114 S.Ct. 1120 (1994).
 
 
 4
 Dunson then filed his present motion to vacate, presenting four grounds for relief: (1) his trial counsel (Williams) rendered ineffective assistance and had a conflict of interest, (2) his appointed counsel for the first § 2255 motion and resentencing (Bratt) rendered ineffective assistance, (3) his appellate counsel following resentencing (Waggener) rendered ineffective assistance, and (4) the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) by providing only cursory responses to Dunson's objections to the presentence investigation report.
 
 
 5
 In a report filed on May 16, 1995, the magistrate judge recommended that Dunson's motion to vacate be denied. The magistrate judge found that the claim against Williams constituted an abuse of the writ, that his other attorneys provided effective representation, and that the record of Dunson's resentencing did not support the assertion that the district court failed to respond adequately to his objections. Dunson filed timely objections that reiterated his earlier arguments. In an order entered on June 16, 1995, the district court overruled these objections, adopted the magistrate judge's report as the opinion of the court, and denied the motion to vacate. On July 3, 1995, Dunson filed a motion to reconsider on the ground that the district court had "failed to explain in specific detail its factual and legal reason for its findings." The district court overruled the motion to reconsider in an order entered on July 21, 1995. Dunson timely filed an appeal from that order.
 
 
 6
 On appeal, Dunson again argues that the district court failed to explain its reasoning in specific detail. He also raises issues as to alleged ineffective assistance of all three attorneys plus several issues relating to his motion to suppress evidence and his conviction. He has also filed motions for free transcripts and for bond pending appeal.
 
 
 7
 Upon review, we conclude that the district court did not err in denying Dunson's motion to vacate for the reasons stated by the magistrate judge as adopted by the district court. To warrant relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 508 U.S. 943 (1993). To warrant relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). Dunson has not met this standard.
 
 
 8
 As a preliminary matter, we find that the underlying order is, in fact, properly before this court for review. The government contends that, because Dunson's notice of appeal specifically stated that it challenged the district court's July 21, 1995, order denying his motion for reconsideration, only the July 21 order is before the court. However, while the first half of Fed.R.App.P. 3(c), stipulating that the notice of appeal must specify parties, is jurisdictional, the second half of the rule, requiring that the notice of appeal designate the proper judgment, is construed broadly. See Shea v. Smith, 966 F.2d 127, 129-30 (3d Cir.1992) (court treats appeal from the specified final order as an appeal from an unspecified final order if there is a connection between the orders, the intent to appeal the unspecified order is apparent, and the opposing party is not prejudiced and has a full opportunity to brief the issues). There is clearly a connection between the order denying the § 2255 motion and the order denying reconsideration; Dunson's pro se brief clearly exhibits his intent to appeal the underlying order; and there is no prejudice to the government, the issues relating to the underlying order having been fully briefed.
 
 
 9
 Furthermore, Dunson's motion for reconsideration was served on June 29, 1995, within ten days of the district court's order denying his motion to vacate. Therefore, the motion is best construed as a time-tolling motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). See Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989); Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991). A timely rule 59(e) motion tolls the appeals period for the underlying judgment. Marrical v. Detroit News, Inc., 805 F.2d 169, 171 (6th Cir.1986). Dunson filed his notice of appeal within the appeal period beginning with the denial of his motion for reconsideration. We, therefore, have jurisdiction to review the underlying order and affirm the district court's findings and conclusions as to Dunson's ineffective assistance of counsel and Rule 32 issues.
 
 
 10
 Dunson attempts to assert on appeal several challenges to the search of the automobile in which the cocaine was found. However, he did not first present these issues to the district court in his motion to vacate. Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995). Moreover, Dunson challenged the denial of his motion to suppress evidence based upon illegal search and seizure in his direct appeal. Dunson, 940 F.2d at 993-95. It is well-settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law. Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (collecting cases); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974), cert. denied, 423 U.S. 861 (1975). No exceptional circumstances are present in this case.
 
 
 11
 Dunson also attempts to raise issues relating to whether or not the substance seized was actually cocaine and whether he had the requisite intent to distribute it. Again, he did not raise theses issues in the district court and we will not address them in the first instance on appeal. Having entered a valid guilty plea, moreover, Dunson may not challenge antecedent non-jurisdictional defects in the proceedings that were not expressly reserved for appeal. Tollett v. Henderson, 411 U.S. 258, 261-67 (1973); United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982).
 
 
 12
 Finally, Dunson's complaint that the district court did not explain its findings of fact and conclusions of law in detail is completely meritless. The district court specifically adopted the findings and conclusions, including the reasoning, set forth by the magistrate judge. Rule 8(b)(4), Rules Governing Section 2255 Proceedings, "does not require that the district judge reiterate the magistrate's findings and conclusions in a case in which the judge accepts the magistrate's report in its entirety." Diaz v. United States, 930 F.2d 832, 835-36 (11th Cir.1991).
 
 
 13
 Accordingly, the motions for bond pending appeal and for free transcripts are denied. The district court's order denying the motion to vacate, entered on June 16, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.