**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Constantino MARTINEZ–OROZCO,**
**Defendant–Appellant.**

**No. 01–2601.**

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

## ORDER

Constantino Martinez–Orozco appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Martinez–Orozco pleaded guilty to illegally reentering the United States without permission after being deported as an aggravated felon in violation of 8 U.S.C. § 1326(b)(2). The court sentenced him to 46 months of imprisonment. Martinez–Orozco has filed a timely appeal.

On appeal, Martinez–Orozco's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

and he submits the following issues for review: 1) whether Martinez–Orozco's Fourth Amendment rights were violated; 2) whether the court improperly denied him a downward departure; and 3) whether the district court improperly failed to apply the amendment to USSG § 2L1.2 to Martinez–Orozco's case.

■ Upon review, we conclude that Martinez–Orozco's first ground for relief is not reviewable. However, as stated above, Martinez–Orozco pleaded guilty to the charged offense. Hence, he has waived his right to challenge the alleged Fourth Amendment violation because his guilty plea waives all non-jurisdictional challenges to his conviction. *See Tollett v. Henderson,* 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Freed,* 688 F.2d 24, 25 (6th Cir.1982).

■ Martinez–Orozco's second ground for relief is also not reviewable. A defendant may not appeal a district court's decision denying a request for a downward departure absent a basis to appeal under 18 U.S.C. § 3742(e). *See United States v. Brannon,* 7 F.3d 516, 521–22 (6th Cir. 1993). Nonetheless, this court may review a district court's refusal to depart downward if the district court incorrectly believed that it could not consider a defendant's mitigating circumstances and exercise discretion to depart under the guidelines. *See United States v. Landers,* 39 F.3d 643, 649 (6th Cir.1994). In the absence of ambiguous statements by the district court concerning its discretion, however, an appellate court shall assume that the district court was aware of the law it was called upon to apply and that the district court found a downward departure unwarranted. *See United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). In this case, a review of the sentencing transcript reflects that the court was aware of its discretion to depart, and that it considered the request for a downward depar-

ture based on Martinez–Orozco's family circumstances. Nonetheless, the district court specifically stated that it did not believe that Martinez–Orozco's arguments warranted a downward departure.

■ We also conclude that the district court did not err when it declined to apply the amendment to § 2L1.2 to Martinez–Orozco's case. The guideline for violation of 8 U.S.C. § 1326 is § 2L1.2, which provides for a base offense level of 8. Pursuant to § 2L1.2(b)(1)(A), the offense level was increased by 16 levels because Martinez–Orozco had been convicted of an aggravated felony prior to being deported, resulting in an adjusted offense level of 24. The amendment to § 2L1.2 provides for a graduated increase of 8, 12, and 16 levels depending on the seriousness of the prior aggravated felony. The amendment provides for a 16 level increase if the prior felony is a drug trafficking offense for which the sentence imposed exceeded 13 months. Martinez–Orozco's prior felony was for conspiracy to distribute methamphetamine, for which he received a 37 month sentence. Hence, under the amended guidelines, Martinez–Orozco's base offense level would still have been increased by 16 levels, and his sentence would have been the same.

■ Finally, we have reviewed the record and have discovered no error warranting reversal of Martinez–Orozco's conviction or sentence. The record reflects that Martinez–Orozco entered a valid guilty plea. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). During Martinez–Orozco's plea hearing, the district court explained the rights that he was waiving, determined that he understood the indictment to which he was pleading guilty, explained the potential penalty associated with the guilty plea, and determined that no additional

promises had been made to compel Martinez–Orozco to plead guilty. In addition, Martinez–Orozco admitted that he had reentered the United States without permission after having been deported following a prior conviction for conspiracy to distribute methamphetamine.

In addition, the district court properly calculated Martinez–Orozco's sentence. Martinez–Orozco's total offense level was 21 and he had a criminal history category score of III. This resulted in a guideline imprisonment range of 46–57 months. Martinez–Orozco's sentence of 46 months of imprisonment was within the applicable guideline range.

Accordingly, we grant counsel's motion to withdraw, deny the miscellaneous motions as moot, and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.