John Louis RODRIGUEZ, Appellant,

v.

UNITED STATES of America, Appellee.

No. 93–3075.

United States Court of Appeals,
Eighth Circuit.

Jan. 31, 1994.

Counsel who represented the appellant was appellant, pro se.

Counsel who represented the appellee was Gary Annear, Fargo, ND.

Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

John Louis Rodriguez appeals from the final order entered in the District Court[1] for the District of North Dakota, denying his third 28 U.S.C. § 2255 motion to vacate his sentence. For the reasons discussed below, we affirm the judgment of the district court.

Rodriguez was convicted by a jury of distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a person who had previously been convicted of three felonies, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). In November 1989, he was sentenced to the mandatory minimum 15 years imprisonment on the firearm charge and a concurrent 14 months for distributing marijuana, he was placed on three years of supervised release, and he was ordered to pay a $100 special assessment. This court affirmed his convictions. *United States v. Rodriguez*, 915 F.2d 397 (8th Cir.1990).

Rodriguez filed two § 2255 motions, each of which was dismissed by the district court under Rule 4(b) of the Rules Governing Section 2255 Proceedings. Rodriguez did not appeal either dismissal. Rodriguez filed this third § 2255 motion, arguing that his trial counsel was ineffective for not filing a sentencing memorandum arguing that his six state third-degree burglary convictions were related offenses for purposes of enhancing his sentence. *See* U.S.S.G. § 4A1.2, comment (n. 3). Rodriguez attached the sentencing transcript regarding the state burglary convictions, which indicates that Rodriguez pleaded guilty to six third-degree burglaries occurring between June 6 and August 15, 1985, and to escape from custody on August 15, 1985. All sentences ran concurrently.

The district court first noted that the successive motions constituted an abuse of the writ under *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), but nevertheless addressed the merits. The district court denied the motion under Rule 4(b), concluding that counsel was not ineffective because the separate criminal episodes, not the dates of conviction, triggered the sentence enhancement, and that the enhancement was properly applied in light of Rodriguez's criminal history.

On appeal, Rodriguez reiterates his arguments. Although Rodriguez's third § 2255 motion may constitute an abuse of the writ and he has failed to demonstrate cause or prejudice to excuse his failure to raise the issue in earlier motions, *see McCleskey v. Zant*, 499 U.S. at 494, 111 S.Ct. at 1470; *United States v. Fallon*, 992 F.2d 212, 213 (8th Cir.1993), we address the merits because the district court did so.

Rodriguez's claim that his burglary convictions were related for enhancement purposes and constituted a single criminal episode is without merit. His offenses, which occurred on different days, at different locations, and within a span of several weeks, were separate and distinct criminal episodes. *Cf. United States v. Hamell*, 3 F.3d 1187, 1191 (8th Cir.1993); *United States v. Gibson*, 928 F.2d 250, 254 (8th Cir.1991). Section 924(e) does not require separate prosecutions; it is sufficient that the offenses occurred at different times. *United States v. Gibson*, 928 F.2d at 254; *United States v. McDile*, 914 F.2d 1059, 1061 (8th Cir.1990), *cert. denied*, 498 U.S. 1100, 111 S.Ct. 997, 112 L.Ed.2d 1080 (1991). Thus, counsel's failure to advance a meritless argument cannot constitute ineffective assistance.

Accordingly, we affirm the judgment of the district court.

---

1. The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota.