**UNITED STATES of America, Appellee,**

v.

**Brian N. ADAMS, Appellant.**

**No. 94–2354.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Sept. 30, 1994.

Rehearing Denied Nov. 8, 1994.

Bradley S. Dede, Clayton, MO, for appellant.

Joseph M. Landolt, St. Louis, MO, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

Following a jury trial, Brian N. Adams was convicted of being a felon in possession of firearms, being a felon in possession of ammunition, and possession of an unregistered firearm, in violation of 18 U.S.C. § 922(g) and 26 U.S.C. §§ 5841, 5861(d) and 5871. The district court[1] enhanced Adams's sentence, pursuant to 18 U.S.C. § 924(e)(1), due to Adams's four prior burglary convictions. On appeal, Adams challenges his conviction and the sentence enhancement. We affirm.

Adams first contends that the prosecutor impermissibly commented on Adams's failure to testify and that, therefore, the district court should have granted a mistrial. At trial, Adams did not present any evidence, choosing instead to emphasize the inconsistencies and weaknesses in the prosecution's case. During closing arguments, defense counsel attempted to explain away much of the testimony and evidence against Adams.

During rebuttal, the prosecutor challenged several of defense counsel's explanations by recounting specific facts. After one such recounting, the following exchange took place:

> [Prosecutor]: And not one word of explanation about that event came *from the mouth of this defendant.*
>
> [Defense Counsel]: May I approach?
>
> [Prosecutor]: I'm sorry. *From [defense counsel].*

Trial Transcript at 2–180 (emphasis added). A bench conference followed, and the district court denied Adams's motion for mistrial.

■ We will affirm a district court's ruling on a motion for mistrial absent an abuse of discretion. *United States v. Emmert,* 9 F.3d 699, 701 (8th Cir.1993), *pet. for cert.*

*filed,* (April 26, 1994) (No. 93–8875). Indirect comments on a defendant's failure to testify constitute error when (1) the comments manifest an intention on the part of the prosecutor to call attention to the defendant's failure to testify or (2) a jury would naturally and necessarily understand them as a comment on the defendant's failure to testify. *Id.* at 702. This court views the prosecutor's remarks in the context of the argument and of the evidence introduced at trial. *Id.*

■ Upon reviewing the record, we find that the prosecutor's remarks do not constitute error. The theme of the prosecutor's remarks was that *defense counsel* had failed to explain the damaging evidence presented by the prosecution. Instead of referring to defense counsel, the prosecutor inadvertently referred to Adams. The mistake was quickly corrected. The district court properly refused to grant a mistrial. *Cf. United States v. Wagner,* 884 F.2d 1090, 1099 (8th Cir. 1989), *cert. denied,* 494 U.S. 1088, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990).

■ Adams next contends that the district court improperly enhanced his sentence. Adams argues that because the four prior burglaries occurred within a six-week period, they should be considered a single episode. This argument is without merit. The offenses occurred on different dates and at separate locations. For purposes of sentence enhancement under 18 U.S.C. § 924(e), these prior burglaries constitute separate and distinct offenses, as the district court properly found. *Cf. Rodriguez v. United States,* 17 F.3d 225, 226 (8th Cir.1994); *United States v. Gibson,* 928 F.2d 250, 254 (8th Cir.1991).

Finding no error in the decision of the district court, we affirm.

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.