72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gary Neil NUNLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5568.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1995.
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges, and McKEAGUE, District Judge.*
 
 ORDER
 
 2
 Gary Neil Nunley, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Nunley pleaded guilty in 1993 to one count of possessing with intent to distribute marijuana and one count of using and carrying a firearm during and in relation to a drug trafficking crime. The district court sentenced Nunley on March 29, 1993, to 88 months in prison and three years of supervised release. Consistent with his plea agreement, Nunley did not file a direct appeal.
 
 
 4
 In his motion to vacate, Nunley presented two grounds for relief: (1) his conviction on the firearm charge should be vacated and a two-level increase added to his base offense level pursuant to USSG Sec. 2D1.1(b)(1) instead, and (2) he received ineffective assistance of counsel. The district court found Nunley's motion to be without merit and denied the motion to vacate. The district court noted that Nunley had not disputed the accuracy of his presentence investigation report which reported that the loaded semi-automatic pistol at issue had been recovered from a shelf within two feet of the marijuana and concluded that this was sufficient to show Nunley's ready access to the firearm. The court further concluded that counsel could reasonably have believed that Nunley would have been convicted as charged at trial and that, therefore, his efforts in securing a favorable plea agreement constituted effective assistance.
 
 
 5
 On appeal, Nunley argues that he should not have been charged in count two because the gun which was the subject of that count was inoperable, and that counsel was ineffective for not raising that issue. He has filed a motion to proceed without prepayment of fees and for the appointment of counsel on appeal.
 
 
 6
 Upon review, we affirm the district court's order because Nunley did not first raise these issues in the district court and also because they are without merit. In order to obtain relief under Sec. 2255 on the basis of a nonconstitutional error, the movant must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). To warrant relief under Sec. 2255 on the basis of constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in the outcome of the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 7
 Nunley does not dispute the validity of his guilty plea, except insofar as he claims counsel gave him bad advice concerning the viability of the firearm charge to which he pleaded guilty. That claim is meritless for the reason discussed below. Nor does he dispute the factual basis for his guilty plea. Having entered a valid guilty plea, Nunley may not challenge antecedent non-jurisdictional defects in the proceedings. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973); United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982). His allegedly improper indictment under 18 U.S.C. Sec. 924(c) is just such a non-jurisdictional defect. Thus, Nunley has waived his right to appeal this issue. In addition, since he did not raise this ground for relief on direct appeal, he may not raise it in a collateral action unless he first demonstrates cause for his failure to raise it earlier and actual prejudice. See Reed, 114 S.Ct. at 2300; Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). He has done neither.
 
 
 8
 In any event, this issue cannot provide Sec. 2255 relief. First, Nunley did not first raise the issue of inoperability of the firearm before the district court. Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994). There are no exceptional circumstances present in this case. Moreover, a weapon need not be operable to support a conviction under Sec. 924(c). United States v. Yannott, 42 F.3d 999, 1005 (6th Cir.1994), cert. denied, 115 S.Ct. 1172 (1995); United States v. Benbrook, 40 F.3d 88, 93 (5th Cir.1994).
 
 
 9
 Instead of this issue, Nunley argued before the district court that the gun's mere presence in his kitchen near the marijuana was insufficient to establish that he "used or carried" it during and in relation to a drug trafficking crime. Because this argument was not raised on appeal, it is considered abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Even if this court were to consider the merits of this argument, it must fail for the reason stated by the district court.
 
 
 10
 To establish ineffective assistance of counsel, Nunley must show that counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Sims v. Livesay, 970 F.2d 1575, 1579-81 (6th Cir.1992). In a guilty plea context, the movant must establish prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 11
 Nowhere in either his motion to vacate or his brief on appeal does Nunley claim that were it not for counsel's alleged errors, there is a reasonable probability that he would not have pleaded guilty but would have insisted on going to trial. He has, thus, failed to satisfy the prejudice prong of the Strickland/Hill test.
 
 
 12
 Moreover, Nunley has failed to establish the performance prong by showing that his counsel's performance fell below a reasonable professional standard. His sole basis on appeal for his claim of ineffective assistance is that counsel did not challenge count two of the indictment by raising the issue of the inoperability of the gun specified in that count. Because that underlying issue is without merit, counsel's failure to raise it was, obviously, not deficient. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir.1994).
 
 
 13
 Accordingly, we grant the motion for in forma pauperis status for the purpose of this review only. We deny the motion for the appointment of counsel. The district court's order, entered on January 11, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation