72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Walter James HART, JR., Petitioner-Appellant,
v.
UNITED STATES Of America, Respondent-Appellee.
 No. 95-1074.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Walter James Hart, Jr., a pro se federal prisoner, appeals a district court order and judgment denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Hart in 1992 of one count of transporting a minor for purposes of prostitution in violation of 18 U.S.C. Sec. 2423. He was sentenced to 51 months in prison, three years of supervised release, and a $1,000 fine. Later that year, Hart was named in two counts of a 26-count superseding indictment, which charged that, from July 1982 through August 1991, Hart and three codefendants engaged in and conspired to engage in a RICO enterprise in violation of 18 U.S.C. Sec. 1962(c)-(d). The RICO enterprise involved the recruiting and, at times, kidnaping of young women to become prostitutes. Hart pleaded guilty to count one, pursuant to a Rule 11 plea agreement, and was sentenced on August 19, 1993, to 87 months in prison, to run concurrently with the 51 months previously imposed, and three years of supervised release. He did not file a direct appeal.
 
 
 4
 In his motion to vacate, Hart raised three grounds for relief: (1) his prosecution for the RICO offense violated the Double Jeopardy Clause; (2) the district court committed sentencing errors including impermissible counting of his 1992 conviction, double-counting the same conduct, erroneous application of the multiple count adjustment, and failure to adjust his concurrent sentence for the time already served on his 1992 conviction; and (3) ineffective assistance of counsel, based upon counsel's failure to move for dismissal of the indictment and failure to object to sentencing errors.
 
 
 5
 A magistrate judge recommended that Hart's motion be denied in a report filed on December 22, 1994. The magistrate judge found that Hart's guilty plea was knowing and voluntary, thus waiving his double jeopardy claim, which was meritless in any event. He further concluded that Hart had failed to establish ineffective assistance of counsel and that his sentencing issues could not be first asserted in collateral proceedings. The district court adopted the magistrate judge's report and recommendation and denied Hart's motion to vacate in an order and judgment filed on January 13 and entered on January 17, 1995.
 
 
 6
 On appeal, Hart continues to argue the merits of his double jeopardy and ineffective assistance of counsel issues.
 
 
 7
 Upon review, we affirm the district court's judgment because Hart waived his double jeopardy issue and he has failed to establish ineffective assistance of counsel. In order to obtain relief under Sec. 2255, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the movant's plea. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 8
 Hart does not argue his alleged sentencing errors on appeal. Therefore, they are considered abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). In any event, only extraordinary circumstances surrounding sentencing error, and cause to excuse failure to appeal, can warrant collateral review of a guidelines sentence. See Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993); United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984). There are no extraordinary circumstances present in this case.
 
 
 9
 Hart first argues on appeal that, because his 1992 conviction was for interstate transportation of a young woman for purposes of prostitution in 1989, his 1993 RICO conviction based upon the interstate transportation of different young women between 1982 and 1991 for purposes of prostitution is barred as violating the Double Jeopardy Clause of the Fifth Amendment. Hart's argument is meritless. First, the record establishes that Hart entered a voluntary and knowing guilty plea to the RICO offense under the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Having entered a valid guilty plea, Hart may not challenge antecedent non-jurisdictional defects in the proceedings. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973); United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982). Hart's attempted double jeopardy challenge to the superseding indictment is just such a non-jurisdictional defect. Thus, he has waived his right to appeal this issue. Even if the merits of Hart's double jeopardy issue were to be reached, however, he would not be entitled to relief. This court has expressly held that prior convictions may be used to obtain a RICO conviction and that such use does not violate the bar against double jeopardy. United States v. Licavoli, 725 F.2d 1040, 1050 (6th Cir.), cert. denied, 467 U.S. 1252 (1984).
 
 
 10
 Hart further asserts that his trial counsel was ineffective in failing to move for dismissal of the indictment on double jeopardy grounds and in failing to raise various sentencing issues. To establish ineffective assistance of counsel, Hart must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the proceedings unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Sims v. Livesay, 970 F.2d 1575, 1579-81 (6th Cir.1992). In a guilty plea context, such as this, Hart must establish prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 11
 Nowhere in either his motion to vacate or his brief on appeal does Hart claim that, were it not for counsel's alleged errors, there is a reasonable probability that he would not have pleaded guilty but would have insisted on going to trial. Thus, he has failed to satisfy the prejudice prong of the Strickland/Hill test.
 
 
 12
 Moreover, Hart has failed to establish that counsel's performance fell below a reasonable professional standard. Because there was no double jeopardy violation, counsel's failure to move for dismissal of the RICO indictment on double jeopardy grounds was, obviously, not deficient. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir.1994).
 
 
 13
 Nor was counsel's performance at sentencing deficient. As far as the factors (including criminal history) considered at sentencing are concerned, counsel stated that the defendant had no objection to anything contained in the presentence investigation report (PSI), which he described as "fair and accurate." Although Hart had the opportunity to dispute his attorney's characterization of the PSI during allocution, he did not do so. In any event, Hart's sentencing issues are without merit and so counsel did not err by not raising them.
 
 
 14
 We do note that any complaint by Hart as to the actual execution of the concurrent sentences, including credit for time already served, is within the jurisdiction of the Bureau of Prisons rather than the district court. See United States v. Wilson, 503 U.S. 329, 334-35 (1992); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993) (per curiam).
 
 
 15
 Accordingly, the district court's judgment, entered on January 17, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation