No. 95-4038

United States of America,      *
                                  *

        Appellee,        *
                                  *    Appeal from the United States

     v.                 *    District Court for the
                                  *    District of Nebraska.

Lamont D. Kress,         *
                                  *

        Appellant.      *

Submitted: April 9, 1996

Filed: July 10, 1996

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and HANSEN, Circuit
    Judges.

WOLLMAN, Circuit Judge.

This is an interlocutory appeal from the district court's[1] order denying Lamont Kress's motion to dismiss an indictment filed against him on the basis that it violated the Double Jeopardy Clause of the Fifth Amendment. We affirm.

**I.**

On October 17, 1990, the government executed a search on Kress's residence and seized seven firearms. This is Kress's third appeal to this court regarding the superseding indictment filed against him on November 14, 1990. In that indictment, Kress was charged with thirty-three counts involving conspiracy to distribute

---

[1]The Honorable William G. Cambridge, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska.

and possession with intent to distribute methamphetamine, in addition to various other substantive crimes committed in furtherance of the conspiracy.

On January 10, 1991, the government advised Kress that it had commenced administrative civil forfeiture proceedings against the seized firearms. The letter notified Kress that the final claim date was February 28, 1991, at which time automatic forfeiture would occur without the timely filing of a claim and cost bond. Instead of filing the claim and cost bond, Kress filed a petition for remission or mitigation, which the government ultimately denied.[2]

Kress and several codefendants went to trial in the spring of 1992. After the jury found Kress guilty of twenty-seven counts, the district court sentenced him to a term of imprisonment of 188 months on each count, to be served concurrently. Kress timely appealed his conviction, raising two grounds for reversal: (1) the district court erred in denying his motion to suppress evidence based on alleged violations of the "knock and announce" statute, 18 U.S.C. § 3109; and (2) the district court erred in enhancing his sentence for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). After concluding that Kress's motion to suppress had been improperly denied, we reversed and remanded the case for further proceedings. United States v. Lucht, 18 F.3d 541, 556 (8th Cir.), cert. denied, 115 S. Ct. 363 (1994).

---

[2]The government contends that Kress was not subjected to jeopardy by the forfeiture proceeding because of his failure to challenge the forfeiture by filing an appropriate claim and cost bond. Kress claims that, despite his failure to file a claim and cost bond, he adequately contested the forfeiture by filing the petition for mitigation. Because we find that his double jeopardy claim is foreclosed, we will not reach the merits of this issue.

In June 1994, Kress filed a motion to dismiss Count 29 of the superseding indictment on double jeopardy grounds.[3] The district court denied the motion and Kress filed an interlocutory appeal. After concluding that Kress had waived his double jeopardy claim by failing to bring it in his original appeal, we affirmed. United States v. Kress, 58 F.3d 370, 374 (8th Cir. 1995).

In August 1995, Kress again filed a motion to dismiss the superseding indictment on double jeopardy grounds. This time Kress contended that the administrative forfeiture of the seized firearms constituted punishment within the meaning of the Double Jeopardy Clause, thus compelling dismissal of the superseding indictment. In her report and recommendation, the magistrate judge concluded that Kress had waived his double jeopardy claim, relying on our opinion in Kress, 58 F.3d 370. She also found, in the alternative, that Kress's motion should be denied on the merits. After adopting the magistrate judge's report and recommendation, the district court denied the motion to dismiss.

## II.

Kress's double jeopardy claim may well have been waived. In any event, this claim is foreclosed by the Supreme Court's recent opinion in United States v. Ursery, No. 95-345, 1996 WL 340815 (U.S. June 24, 1996). In Ursery, the Supreme Court reaffirmed the rule set out in United States v. One Assortment of 89 Firearms, 465 U.S. 354 (1984), that civil forfeitures generally "do not constitute `punishment' for purposes of the Double Jeopardy Clause." Ursery, at *2. In the present case, the forfeiture was a civil sanction, remedial in nature. Thus, it did not constitute

---

[3]Specifically, Kress argued that the district court's method in recalling the jury to correct an error in the verdict pertaining to Count 29 constituted the reopening of the jury deliberations, and thus retrial on that count would violate the Double Jeopardy Clause.

punishment for double jeopardy purposes.

The district court's order is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.