_____

No. 96-1869

John Erwin Beck,

                                *
                                *

    v.

                                * District of Minnesota.
                                *   [UNPUBLISHED]

        Appellee.

_____

Filed:  September 11, 1996

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

      civil forfeitures of cash seized in connection with hi
arres   John Erwin Beck pleaded guilty to aiding and abetting th
possession                                 6
   s                              United States v
Beck         th Cir. 1995) (per curiam) (Table).  Beck then filed
   28 U                                      n
                         Brady v. Maryland        .
   87 (1                   [1] denied the motion, and Bec

    We    ieve the district court properly denied Beck's motio
without an evidentiary hearing

_____

    The Honorable James M. Rosenbaum, United States Distric
for the District of Minnesota.

we conclude the motion, files, and records of the case conclusively show Beck is not entitled to relief. See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992) (standard of review).

Beck's double jeopardy argument is foreclosed for the reasons set forth in United States v. Ursery, 116 S. Ct. 2135, 2148-49 (1996) (holding civil forfeitures under 21 U.S.C. § 881 (a)(6) and (7) are neither "punishment" nor criminal for purposes of Double Jeopardy Clause). We agree with the district court that counsel was not ineffective for failing to raise the double jeopardy claim. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) (counsel not ineffective for failing to pursue meritless argument). We also agree there is no merit to Beck's claim that the government should have disclosed the fact, and legal effect, of the prior forfeitures. See Brady, 373 U.S. at 87 (government must disclose favorable evidence that is material to either guilt or punishment); United States v. Bagley, 473 U.S. 667, 682 (1985) (evidence is material only if there is reasonable probability result of proceeding would have been different had it been disclosed to defense); United States v. Manthei, 979 F.2d 124, 127 (8th Cir. 1992) (Brady is not violated where defendant was aware of evidence prior to trial).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.