97 F.3d 1456
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John Erwin BECK, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 96-1869.
 United States Court of Appeals, Eighth Circuit.
 Submitted Sept. 3, 1996.
Filed Sept. 11, 1996.
 
 Before BEAM, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Following civil forfeitures of cash seized in connection with his arrest, John Erwin Beck pleaded guilty to aiding and abetting the possession of cocaine with intent to distribute; he was sentenced to 36 months imprisonment. On direct appeal, we affirmed. United States v. Beck, 48 F.3d 1225 (8th Cir.1995) (per curiam) (Table). Beck then filed this 28 U.S.C. § 2255 motion, asserting a double jeopardy claim, an ineffective-assistance claim, and a claim under Brady v. Maryland, 373 U.S. 83, 87 (1963). The district court[1] denied the motion, and Beck appeals.
 
 
 2
 We believe the district court properly denied Beck's motion without an evidentiary hearing because, after our de novo review, we conclude the motion, files, and records of the case conclusively show Beck is not entitled to relief. See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir.1992) (standard of review).
 
 
 3
 Beck's double jeopardy argument is foreclosed for the reasons set forth in United States v. Ursery, 116 S.Ct. 2135, 2148-49 (1996) (holding civil forfeitures under 21 U.S.C. § 881(a)(6) and (7) are neither "punishment" nor criminal for purposes of Double Jeopardy Clause). We agree with the district court that counsel was not ineffective for failing to raise the double jeopardy claim. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir.1994) (per curiam) (counsel not ineffective for failing to pursue meritless argument). We also agree there is no merit to Beck's claim that the government should have disclosed the fact, and legal effect, of the prior forfeitures. See Brady, 373 U.S. at 87 (government must disclose favorable evidence that is material to either guilt or punishment); United States v. Bagley, 473 U.S. 667, 682 (1985) (evidence is material only if there is reasonable probability result of proceeding would have been different had it been disclosed to defense); United States v. Manthei, 979 F.2d 124, 127 (8th Cir.1992) (Brady is not violated where defendant was aware of evidence prior to trial).
 
 
 4
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota