_____

No. 96-1462
_____

United States of America,    *
                             *
          Appellee,          *
                             *  Appeal from the United States
     v.                      *  District Court for the
                             *  Northern District of Iowa.
Peter Mitchell Mathews,      *
                             *        [UNPUBLISHED]
          Appellant.         *


_____

Submitted: October 15, 1996

Filed: October 18, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Mathews pleaded guilty to conspiracy to manufacture and distribute methamphetamine. The district court[1] sentenced him to 180 months imprisonment, five years supervised release, and a $2,000 fine. We affirmed on direct appeal. United States v. Mathews, 19 F.3d 1438 (8th Cir. 1994) Nos. 93-3320, 93-3519, [1994 WL 95960] (8th Cir. Mar. 25, 1994) (unpublished per curiam). Mathews then filed the instant 28 U.S.C. § 2255 motion, asserting that his criminal conviction violated the Double Jeopardy Clause's prohibition against multiple punishments for the same offense, because property belonging to him had previously been administratively forfeited to the government in California. The district court denied the motion on the merits, and Mathews appeals.

_____

     The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

Although Mathews may have waived his claim by his guilty plea, and he may have procedurally defaulted by not raising it on direct appeal, see Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam) (procedural default); United States v. Vaughan, 13 F.3d 1186, 1187-88 (8th Cir.) (waiver), cert. denied, 114 S. Ct. 1858 (1994), we address the merits because the district court did so.  See Rodriquez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam).  We conclude that Mathews's claim is now foreclosed for the reasons set forth in United States v. Ursery, 116 S. Ct. 2135, 2148-49 (1996) (holding civil forfeitures under 21 U.S.C. § 881(a)(6) and (7) are neither "punishment" nor criminal for purposes of Double Jeopardy Clause), and United States v. Kress, 88 F.3d 664, 665-66 (8th Cir. 1996) (Ursery foreclosed double jeopardy claim involving administrative forfeiture of firearms).

Accordingly, we affirm.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.