# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-2212 and 99-1252

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Timothy C. Washington, also known as | * | Appeal from the United States |
| Timothy Charles Washington, also | * | District Court for the District |
| known as Timothy Washington, also | * | of Nebraska. |
| known as Timmy S. Washington, also | * | |
| known as Timmy Washington, also | * | |
| known as Tim Washington, also known | * | |
| as Baby Fly Washington, also known as | * | |
| Lester Baby Fly Jackman, also known | * | |
| as Lester Jackman, also known as | * | |
| Prion C. Washington, also known as | * | |
| Perrion Charles Washington, also | * | |
| known as Perrion Keesee Washington, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 18, 1999

Filed: December 27, 1999

_____

Before BEAM, FLOYD R. GIBSON, and WELLFORD,[1] Circuit Judges.
_____

BEAM, Circuit Judge.

Timothy Washington sat silent in the courtroom while his counsel made numerous motions for a mistrial at Washington's first trial on drug trafficking charges. The district court[2] ultimately granted counsel's last mistrial motion. Washington was subsequently re-tried and convicted. He now claims a mistrial should neither have been sought nor granted because his counsel did not allow him to make that decision. He also contends that his re-trial was barred on double jeopardy grounds because the prosecutor intended to provoke his counsel into moving for a mistrial. We reject both of Washington's contentions and affirm his conviction.

On the third day of Washington's initial trial, his counsel moved for a mistrial because the government failed to disclose a written summary of testimony from expert witnesses scheduled to appear that day. Washington's counsel also moved for a mistrial because the government failed to provide the proffer agreement of another witness. The district court declined to grant the motions.

The prosecutor then brought to the court's attention a summary report of Harry Harrison's criminal history that showed that Harrison was a convicted felon. Harrison had testified as a witness for the government on the second day of trial. Washington's counsel again moved for a mistrial because the government had not met its obligation to produce this impeachment evidence prior to Harrison's cross-examination. The district court granted this motion.

_____

[1]The Honorable Harry W. Wellford, United States Circuit Judge for the Sixth Circuit, sitting by designation.

[2]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

We review a district court's ruling on a motion for mistrial for abuse of discretion. See United States v. Adams, 37 F.3d 383, 384 (8th Cir. 1994). Notwithstanding, Washington argues that the defendant must be allowed to make the ultimate decision on whether to request a mistrial. We disagree and hold that the decision to make such a request is a strategic decision for counsel.

We have held that counsel need not consult with the defendant when making the strategic decision *not* to request a mistrial. See Walker v. Lockhart, 852 F.2d 379, 382 (8th Cir. 1988). We see little reason why the decision to request a mistrial should be any different. In both cases, counsel is called upon to balance the burden of another trial against the burden of proceeding with a jury that has potentially become prejudiced against the defendant. While the decision to request a mistrial may subject the defendant to another proceeding, this choice is no more important than the decision to subject the defendant to a potentially adverse fact finder.

Further, the Supreme Court has recognized only four fundamental choices that a defendant must always make. See Jones v. Barnes, 463 U.S. 745, 751 (1983); see also United States v. Boyd, 86 F.3d 719, 723 (7th Cir. 1996) (aside from the four fundamental decisions enumerated by the Supreme Court in Jones, all other trial decisions are strategic decisions that counsel must make). A defendant must always make the ultimate decision as to pleading guilty, waiving a jury trial, testifying on his or her own behalf, and taking an appeal. See Jones, 463 U.S. at 751.[3] These four decisions naturally reside with the defendant because they implicate the two most basic tenets of our legal system–the opportunity to have a day in court and the opportunity to have a jury of peers. In contrast, the decision to request a mistrial implicates neither of these basic matters. A defendant's successful request for a mistrial means that the

_____

[3]With some limitations, a defendant may also elect to act as his or her own advocate. See Jones, 463 U.S. at 751.

first empaneled jury will not judge the defendant. However, this does not mean that no jury will decide the defendant's fate, only that another jury will be selected.

Common sense also dictates that counsel make the ultimate decision to request a mistrial. Such a decision does not involve a choice that is as easily comprehensible to a lay person as, for example, the decision to plead guilty. The decision to plead guilty involves two stark alternatives that are easily understood–admit guilt or assert innocence. In comparison, the decision to move for a mistrial often must be made in a split-second and it involves numerous alternative strategies such as remaining silent, interposing an objection, requesting a curative instruction, or requesting an end to the proceeding. See Watkins v. Kassulke, 90 F.3d 138, 143 (6th Cir. 1996) (decision to request a mistrial is a strategic decision for counsel because of multiple options counsel must consider when deciding whether to request a mistrial). Moreover, counsel is generally in a better position than a lay person to judge the impact of a potentially prejudicial incident in the context of the entire trial.[4]

Finally, even if we assume that Washington had the right to make the ultimate decision, he waived his right to object to his attorney's motion for a mistrial. A fundamental choice over which the defendant has the ultimate decision can be knowingly and voluntarily waived if, by his or her silence, the defendant apparently acquiesces to the waiver. See Frey v. Schuetzle, 151 F.3d 893, 898 (8th Cir. 1998)

_____

[4]Washington relies on *dictum* from one of our cases and from a Tenth Circuit case to support his contention that a defendant has the ultimate authority to move for a mistrial. See Walker v. Lockhart, 620 F.2d 683, 687 (8th Cir. 1980) and United States v. Rich, 589 F.2d 1025, 1032 (10th Cir. 1978). However, the language of these cases is overly broad, and both were decided prior to the Supreme Court's decision in Jones. Moreover, there is *dictum* from one of our more recent cases that indicates the decision to move for a mistrial is a strategic one for counsel. See Phyle v. Leapley, 66 F.3d 154, 159 (8th Cir. 1995) (whether to move for mistrial included in list of examples of "virtually unchallengeable" strategic decisions).

(right to testify waived by defendant's silence when counsel rests without calling defendant to testify). In this case, Washington watched his attorney make several motions for a mistrial, and at no time did he protest. Moreover, Washington was not a defendant who remained passive at trial. Previously in the trial, Washington had actively opposed his attorney's strategic decision to stipulate to a piece of government evidence. Thus, Washington waived his right to object to the grant of the mistrial.

Washington also claims that his re-trial was barred because the prosecutor intended to provoke Washington to move for a mistrial. When the defendant moves for a mistrial, the Double Jeopardy Clause does not bar re-trial unless the prosecutor intentionally engaged in conduct designed to goad the defendant into requesting a mistrial. See United States v. Ivory, 29 F.3d 1307, 1310 (8th Cir. 1994). We will uphold the district court's finding of prosecutorial intent unless clearly erroneous. See id. at 1310-11.

The district court found that there was no "devious intent" on the part of the government to provoke Washington into requesting a mistrial. Washington argues that the government created an error because the trial was not going well for the prosecution. However, the errors about which Washington complains were discovery violations that occurred prior to trial. We agree with the district court that it is highly unlikely the government manufactured pre-trial discovery errors to halt a trial that was not going well. Moreover, the prosecutor argued against a mistrial and proposed alternative remedies to cure her errors. See Morrison v. Missouri, 946 F.2d 1340, 1342-43 (8th Cir. 1991) (arguing against mistrial showed that prosecutor did not intend to force defendant to request mistrial). Thus, the district court's finding was not clearly erroneous.

The district court decision is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.