# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2752

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Donald Slaughter, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 13, 2011
Filed: January 21, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Donald Slaughter pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Nearly four months after he pleaded guilty, Slaughter filed a pro se motion to withdraw his guilty plea. The District Court[1] conducted a hearing at which Slaughter testified that he had wanted to go to trial. His original attorney testified that Slaughter had initially wanted to go to trial, but had later decided against doing so because of the strength of the case against him. The court credited the attorney's testimony over Slaughter's and

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

concluded that there was no basis for allowing Slaughter to withdraw his plea. The court then sentenced Slaughter to 180 months in prison, the mandatory minimum under 18 U.S.C. § 924(e), and three years of supervised release. Slaughter appeals. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that an appeal waiver contained in the plea agreement should not be enforced.

We decline to enforce the appeal waiver given the minimal discussion of the plea agreement and waiver at the plea hearing. See Fed. R. Crim. P. 11(b)(1)(N); United States v. Rojas-Coria, 401 F.3d 871, 872 n.2 (8th Cir. 2005); United States v. Andis, 333 F.3d 886, 889–91 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). We conclude, however, that the District Court did not abuse its discretion in denying Slaughter's motion to withdraw his guilty plea, see United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996) (standard of review), and committed no reversible error in sentencing, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review); United States v. Adams, 37 F.3d 383, 384 (8th Cir. 1994) (per curiam) (affirming enhanced sentence under § 924(e)).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment.

_____